OPINION
{¶ 1} This is an appeal from the June 27, 2002, decision of Morrow County Court of Common Pleas wherein the trial court granted Appellee Republic's Motion for Summary Judgment and denied Appellants Gates and Wausau's Motion for Summary Judgment, finding that both policies provide coverage on a pro rata basis.
STATEMENT OF THE FACTS AND CASE
 {¶ 2} On May 31, 1998, Plaintiff Lexie Wilson was a passenger in an automobile driven and owned by Deirdre Davies. On such date, said vehicle was involved in a two-car collision caused by the negligence of Sarah J. Miller.
 {¶ 3} At the time of the accident Deirdre Davies was insured under a personal automobile policy of insurance issued by Republic Franklin Insurance Company with UM/UIM benefit limits of $300,000.00.
 {¶ 4} Plaintiff Lexie Wilson was employed by Gates McDonald 
Company which was insured under business automobile policy issued by Wausau to Nationwide Mutual Insurance Company, Gates McDonald's parent company. Said Wausau policy also contained UM/UIM benefits.
 {¶ 5} On August 18, 1999, Plaintiff Lexie Wilson filed a Complaint against Defendant Sarah J. Miiller and Utica Mutual Insurance Company (aka Republic Franklin Insurance Company).
 {¶ 6} On July 17, 2000, Defendant Republic filed a third-party complaint against Gates McDonald Company.
 {¶ 7} On August 6, 2001, Plaintiff Lexie Wilson filed a Second Amended Complaint naming as defendants Sarah J. Miller, Republic and Wausau Insurance Company.
 {¶ 8} Republic asserted a cross-claim against Gates McDonald and against Wausau Insurance, seeking indemnification and/or contribution.
 {¶ 9} Wausau asserted a cross-claim against Republic seeking indemnification and/or contribution. Wausau also asserted that the policy issued to Deirdre Davies provided UM/UIM coverage on a primary basis to Plaintiff Lexie Wilson.
 {¶ 10} Republic filed a Motion for Summary Judgment arguing that its policy provided excess UM/UIM benefits to Plaintiff Wilson as did the Wausau policy and therefore such coverage should be provided on a pro rata basis with the Wausau policy.
 {¶ 11} Wausau and Gates filed a joint Motion for Summary Judgment arguing that the Republic policy provided primary UM/UIM coverage to Plaintiff and that its policy only provided excess UM/UIM benefits to Plaintiff.
 {¶ 12} On June 27, 2002, the trial court entered its decision which stated that it found "it impossible to clearly determine from the language in the policies that either policy if primary". The trial court then went on to hold that "whether they are primary or excess, they both cover this situation on a pro rata basis".
 {¶ 13} It is from this decision Appellant appeals, assigning the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 14} "I. THE TRIAL COURT ERRED IN GRANTING REPUBLIC'S MOTION FOR SUMMARY JUDGMENT BECAUSE UNDER THE PLAIN AND UNAMBIGUOUS "OTHER INSURANCE" CLAUSE OF THE REPUBLIC POLICY, THE INSURANCE AFFORDED PLAINTIFF LEXIE WILSON UNDER REPUBLIC'S POLICY IS PRIMARY."
 {¶ 15} "II. THE TRIAL COURT ERRED IN DENYING WAUSAU'S MOTION FOR SUMMARY JUDGMENT BECAUSE UNDER THE PLAIN AND UNAMBIGUOUS "OTHER INSURANCE" CLAUSE OF THE WAUSAU POLICY, THE INSURANCE AFFORDED PLAINTIFF LEXIE WILSON UNDER WAUSAU'S POLICY IF EXCESS TO ANY COVERAGE AFFORDED LEXIE WILSON UNDER THE REPUBLIC POLICY."
 {¶ 16} SUMMARY JUDGMENT STANDARD
 {¶ 17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36.
 {¶ 18} Civ.R. 56(C) states, in pertinent part:
 {¶ 19} "Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 20} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280, 1996-Ohio-107.
 {¶ 21} It is based upon this standard we review appellants' assignments of error.
 I. {¶ 22} In its first assignment of error, Appellant argues that the trial court erred in not finding Republic's UM/UIM coverage to be primary. We agree.
 {¶ 23} The Republic personal automobile policy, issued to Deirdre Davies, the driver and owner of the car in which Plaintiff Lexie Wilson was a passenger, provides throughout its policy that "you " and "your" refer to:
 {¶ 24} "1. The "named insured" shown in the Declarations; and
 {¶ 25} "2. The spouse if a resident of the same household."
 {¶ 26} Deirdre Davies appears as the named insured on the declarations page of the Republic policy.
 {¶ 27} The UM/UIM endorsement defines an "insured" as:
 {¶ 28} "1. You or any "family member";
 {¶ 29} "2. Any other person "occupying""your covered auto" "
 {¶ 30} The Republic policy contains an "Other Insurance" provision which provides:
 {¶ 31} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 32} "
 {¶ 33} "2. Any insurance we provide with respect to a vehicle you do not own shall be excess over any collectible insurance providing coverage on a primary basis.
 {¶ 34} "3. If the coverage under this policy is provided:
 {¶ 35} "a. On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage provided on a primary basis "
 {¶ 36} Thus, the policy exclusion, which states that "[a]ny insurance [Republic] provide[s] with respect to a vehicle you do not own
shall be excess * * * " does not apply because the "you" of the policy exclusion includes Davies and she owned the vehicle involved in the accident in which Plaintiff Lexie Wilson was a passenger "occupying" a covered auto owned by Deirdre Davies.
 {¶ 37} Based on the above, we find that the Republic Policy provides Plaintiff Lexie Wilson with UM/UIM coverage on a primary basis.
 {¶ 38} Appellant's first assignment of error is sustained.
 II. {¶ 39} In its second assignment of error, Appellant argues that the trial court erred not finding that the Wausau policy was excess to the coverage provided under the Republic policy. We agree.
 {¶ 40} The Wausau business automobile policy, issued to Plaintiff Lexie Wilson's employer Gates McDonald, contains an almost identical "other insurance" clause, which provides:
 {¶ 41} "If there is other applicable insurance available under one or more policies or provisions of coverage:
 {¶ 42} "
 {¶ 43} "b. Any insurance we provide with respect to a vehicle you do not own shall be excess over any other collectible insured motorists insurance providing coverage on a primary basis."
 {¶ 44} Again, "you" refers to the named insured. The declarations page only contains the name of Nationwide Insurance Company/Gates McDonald. However, pursuant to Scott-Pontzer v. Liberty Mutual FireInsurance, 85 Ohio St.3d 660, 1999-Ohio-292 and it progeny, employees of said corporation are also named insured under said policy. Plaintiff Lexie Wilson is therefore a named insured under the Wausau policy.
 {¶ 45} In this instance, however, neither Plaintiff Wilson nor the Nationwide/Gates McDonald was the owner of the vehicle involved in the accident. The UM/UIM coverage afforded Plaintiff Wilson under the Wausau policy is therefore excess to that provided by Republic.
 {¶ 46} We therefore find Appellant's second assignment of error well-taken and sustain same.
 {¶ 47} Accordingly, we reverse the decision of the Morrow County Court of Common Pleas.
By: Boggins, J., Farmer, P.J., and Wise, J. concur.